UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROY MOGEL, TODD D. LINDSAY and JOSEPH R. THORLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, a subsidiary of UNUMPROVIDENT CORPORATION,<br><br>Defendant. | Civil Action No. 07-CA-10955 NMG |

### ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING SETTLEMENT, AND PROVIDING FOR NOTICE

WHEREAS, an Action is pending before the Court entitled: <u>Mogel, et al. v. Unum Life Insurance Co. of America,</u> Case No. 07-CA-10955 NMG (the "Action"); and

WHEREAS, the parties have applied to the Court for an Order preliminarily approving the settlement of the Action as a class action in accordance with a Stipulation of Settlement, dated June 7, 2010 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice against the defendant upon the terms and conditions set forth there; and

WHEREAS, the Court having read and considered the Stipulation and Exhibits annexed thereto.

NOW, THEREFORE, it is hereby ORDERED:

1. This Order hereby incorporates by reference the definitions of the Stipulation, and all terms used herein shall have the same meaning as set forth in the Stipulation.

{W1818120.1}

2.     Plaintiffs' motion for the certification of a Settlement Class (as defined in ¶¶ 1.10-1.12 of the Stipulation), pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3) and for settlement purposes only, is granted. The Settlement Class is defined as follows:

"Settlement Class" means all Settlement Class Members.

"Settlement Class Member" means any person who has not made a valid and timely request for exclusion and for whom, during the applicable Settlement Class Period, Unum maintained a Life Retained Asset account in connection with the payment and/or distribution of life insurance benefits under an employee welfare benefit plan where the applicable policy, generally known as the "AA series policy," called for the payment of benefits in a lump sum.

"Settlement Class Period" means:

    a.     January 1, 1995, to March 17, 2010, for persons who were also members of the plaintiff class in *Crutchfield v. Unum Life Ins. Co. of America*, Civil Action File No. E-67803, Superior Court of Fulton County, State of Georgia ("*Crutchfield*"); and

    b.     January 1, 2002, to March 17, 2010, for all other persons.

3.     Subject to hearing and further review, the Court hereby preliminarily approves the Stipulation and the settlement described therein as being fair, just, reasonable and adequate to the Settlement Class.

4.     A final hearing (the "Hearing") shall be held on September __8__, 2010 at _12:00 Noon_, before the Honorable Nathaniel M. Gorton, Judge of the United States Federal District Court for the District of Massachusetts, located at the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 3110, Boston, Massachusetts 02210, for the purpose

{W1818120.1} - 2 -

of *inter alia* (1) determining whether the proposed Stipulation of Settlement should be approved by the Court as fair, reasonable and adequate; (2) determining whether to award attorneys' fees to plaintiffs' counsel; and (3) ordering entry of Judgment on the Settled Claims, which constitutes a release and bar of the Settled Claims; and (4) determining compliance with all matters pertaining to Fed. R. Civ. P. 23(e).

5. The Court hereby approves, as to form and content, the Notice of Pendency of Class Action and the Proposed Settlement and Hearing thereon (the "Notice") (Exhibit "C"). The Court finds that the mailing and distribution of the Notice substantially in the manner set forth in paragraph 7 of this Order meets the requirements of the Federal Rules of Civil Procedure and due process and is the best notice practicable under the circumstances. The Court also finds that this shall constitute due and sufficient notice to all persons entitled thereto.

6. The Court finds that Plaintiffs' counsel satisfy the requirements of Rule 23(g). The Court hereby appoints Plaintiffs' counsel as class counsel pursuant to Rule 23(g)(1).

7. Plaintiffs' counsel, Unum's counsel, and Rust Consulting, Inc. (the "Class Administrator"), are hereby empowered to supervise and administer the Notice procedure to the Settlement Class as set forth below:

    A. A list of class members shall be prepared as follows:

        (i). Unum shall derive from its electronic databases a list of names and addresses of Settlement Class Members as defined in ¶¶ 1.11 and 1.12 of the Stipulation of Settlement.

        (ii). Using modern technology, prior to sending out any notices, the Class Administrator shall update said addresses in a commercially reasonable manner to obtain the latest whereabouts of each member in the Settlement Class.

{W1818120.1}- 3 -

B. Notice shall be disseminated in accordance with the provisions of the Stipulation of Settlement. Within 14 days of the date of this ORDER, the Class Administrator shall mail, or cause to be mailed, by first class mail, postage pre-paid, to each reasonably identifiable member of the Settlement Class, at his or her last known address, a copy of the Notice.

C. If any copies of the Notice are returned as undeliverable with no forwarding address, the Settlement Administrator will conduct an additional search through LEXIS-NEXIS, a commercial credit reporting agency, or some other similar means for further updated addresses, and send additional notices to any updated addresses identified through this additional search. The Settlement Administrator will have no further obligation with respect to notices beyond this search, and any related mailing done pursuant to that search. The Settling Plaintiffs and the Settlement Administrator may, as they deem necessary, access and use the consumer report (including any consumer report information encompassed by the search discussed above) of any Settlement Class Member who cannot be located using the information provided by Unum for the sole purpose of locating that individual, and providing the best possible notice available.

D. At or prior to the Hearing provided for in paragraph 4 of this Order, a proof of affidavit shall be served and filed with the Court describing how notice was disseminated.

8. Settlement Class Members may request exclusion from the Settlement Class by writing a letter or postcard to the Settlement Administrator at the address specified in the Notice. In order to be valid, a written request for exclusion must be received by the Settlement Administrator no later than August 2, 2010, and must contain: the name of the case; and the Class Member's name, address and telephone number. The Settlement Class Member must also

{W1818120.1} - 4 -

expressly request exclusion from the Settlement Class and sign the letter or postcard. If the Settlement Class Member submits a valid and timely request for exclusion, such person will not be entitled to share in the proceeds of this Settlement and will not be bound by the Settlement or the Judgment.

9. Any member of the Settlement Class who has not requested exclusion may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved, and to present any opposition to the application of plaintiffs' counsel for attorneys' fees costs and expenses. In order to object to the proposed Settlement, the Settlement Class Member must file a notice of his or her objection and copies of any papers in support of his or her position with the Clerk of the Court by August 2, 2010, and concurrently serve such notice and papers on counsel to the parties to this Settlement as follows:

Class Counsel:

Stuart T. Rossman
Charles M. Delbaum
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, Massachusetts 02110

Defendants' Counsel:
William J. Kayatta, Jr.
Byrne J. Decker
Gavin G. McCarthy
Pierce Atwood LLP
One Monument Square
Portland, Maine 04101

10. Any member of the settlement class may be represented by an attorney; all out-of-state attorneys shall comply with all rules of Court, including those rules governing admission pro hac vice before filing a notice of appearance or filing a pleading in this class action. Failure

to do so constitutes the unauthorized practice of law and may subject the offending attorney to sanctions.

11. Upon entry of Judgment by the Court in accordance with this Settlement, all Settling Class Members shall be barred from asserting any Settled Claims against the Released Persons and any such Settling Class Member shall be conclusively deemed to have released any and all such Settled Claims against the Released Persons.

12. All papers in support of the settlement and any application for an award of attorneys' fees and reimbursement of expenses shall be filed at least fourteen (14) days prior to the Hearing.

13. All reasonable costs incurred in notifying class members or regulators, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. All unclaimed Settlement Funds shall be paid in accordance with the provisions of the Stipulation.

14. The Court reserves the right to continue the date of the Hearing and any adjournment thereof without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

15. Pending final determination as to whether the settlement contained in the Stipulation should be approved, plaintiffs and all members of the Settlement Class, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in the Action, shall not institute or prosecute any claims against the Released Persons which have been or could have been asserted in the Class Action based upon the acts and transactions alleged in the Complaint including the Settled Claims.

16.     Should the settlement as contained in the Stipulation not be finally approved and become effective, the Settlement Class will be deemed decertified pursuant to Fed. R. Civ. P. 23(c)(1)(C).

**IT IS SO ORDERED THIS 18th DAY OF JUNE, 2010.**

*/s/ Nathaniel M. Gorton*
Nathaniel M. Gorton, Judge
United States District Court
District of Massachusetts

Distribution to:

**Attorneys for the Settlement Class**

Charles M. Delbaum BBO # 543225
Stuart T. Rossman BBO # 430640
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, Massachusetts 02110

John C. Bell, Jr.
Lee W. Brigham
Bell & Brigham
Post Office Box 1547
Augusta, Georgia 30903-1547

M. Scott Barrett
Barrett & Associates
320 W. 8th St., Suite 100
Post Office Box 5233
Bloomington, Indiana 47407-5233

Jeffrey G. Casurella
Law Offices of Jeffrey G. Casurella
400 Interstate N. Pkwy. Suite 310
Atlanta, Georgia 30339

Helen Cleveland
Cleveland Gamble Gilbreath LLC
945 East Paces Ferry Road
Suite 2270 Resurgens Plaza
Atlanta, Georgia 30326-1125

**Attorneys for Defendant**

William J. Kayatta, Jr.
Byrne J. Decker
Gavin G. McCarthy
Pierce Atwood LLP
One Monument Square
Portland, ME 04101