UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROY MOGEL, TODD D. LINDSAY and JOSEPH R. THORLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA, a subsidiary of UNUMPROVIDENT CORPORATION,<br><br>Defendant. | Civil Action No. 07-CA-10955 NMG |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter having come before the Court on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement, dated June 7, 2010 ("Stipulation") (entered Sept 21, 2010), and due and adequate notice having been given to the Settlement Class defined below as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being duly informed in the premises and good cause appearing therefore, it is this 21st day of September, 2010, ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the Settlement Class.

2. The mailing of individual notice to each individual class member as specified in this Court's prior order satisfies due process and Fed.R.Civ.P 23.

3. Class counsel received a total of four (4) valid and timely opt-outs from potential class members.

{W1818123.1} 1

4. No class member filed a formal objection to the Settlement and no class members appeared at the hearing to object to the Settlement.

5. The Court hereby approves the settlement set forth in the Stipulation and finds that said settlement, is, in all respects, fair, reasonable and adequate to all "Settlement Class Members," which means:

> [A]ny person who has not made a valid and timely request for exclusion and for whom, during the applicable Settlement Class Period, Unum maintained a Life Retained Asset Account in connection with the payment and/or distribution of life insurance benefits under an employee welfare benefit plan where the applicable policy, generally known as the "AA series policy," called for the payment of benefits in a lump sum.

The "Settlement Class Period" is:

> January 1, 1995, to March 17, 2010, for persons who were also members of the plaintiff class in *Crutchfield v. Unum Life Ins. Co. of America*, Civil Action File No. E-67803, Superior Court of Fulton County, State of Georgia ("*Crutchfield*"); and

> January 1, 2002, to March 17, 2010, for all other persons.

6. The "Settlement Class Members ," including the Plaintiffs in this action and the members of the Settlement Class who have not made a valid and timely request for exclusion from the Settlement Class, shall be deemed conclusively to have released any and all Settled Claims. "Settled Claims" means any and all past and present claims, actions, causes of action, rights or liabilities, known or Unknown, based on, arising out of, or in any way relating or pertaining to (i) Unum's use of Unum Security Accounts for the distribution of life insurance benefits in respect to group life insurance policies (so-called "AA policies") issued by Unum containing in substance a provision that benefits for loss of life will be paid in a

lump sum, including but not limited to policies including the operative payment language "unless otherwise elected, payment for loss of life will be made in one lump sum"; and (ii) any of the types of events, statements, or allegations contained in the Plaintiffs' complaint with respect to the matters raised in subparagraph (i) above, except that the term does not include "Non-Settled Claims." Without limiting the generality of the foregoing, the Settled Claims include all claims, actions, rights or causes of action, other than "Non-Settled Claims," arising under the statutory or common law applicable to Settlement Class Members which were raised or could have been raised in this litigation, including any violations of ERISA or state law, any intentional wrongdoing, fraud, any breach of fiduciary duty, and any prohibited transactions. .

7. The "Settling Class Members," including the Plaintiffs in this action and the members of the Settlement Class who have not made a valid and timely request for exclusion from the Settlement Class, shall be deemed conclusively to have **not** released "Non-Settled Claims." "Non-Settled Claims" means any and all past, present and future claims, actions, causes of action, rights or liabilities, known or unknown, based on, arising out of, or in any way relating or pertaining to Unum's use of Unum Security Accounts for the distribution of life insurance benefits in respect to group life insurance policies, including but not limited to so-called "CXC policies," issued by Unum containing the following payment language:

> (a) "If you or your dependent's life claim is at least $10,000, UNUM will make available to the beneficiary a retained asset account (the UNUM Security Account). ¶ RETAINED ASSET ACCOUNT is an interest bearing account established at an intermediary bank in the name of

{W1818123.1}3

    your beneficiary, as owner. ¶ Payment for the life claim may be accessed by writing a draft in a single sum or drafts in smaller sums. The funds for the draft or drafts are fully guaranteed by UNUM;" or

    (b) any other substantially similar operative payment language providing expressly for the distribution of death benefits via a retained asset account, irrespective of the nomenclature used to refer to such account including, but not limited to, "Money Market Account," "Retained Asset Account" and/or "UNUM Security Account."

8. The Court finds that Plaintiffs' counsel satisfy the requirements of Rule 23(g). The Court hereby appoints Plaintiffs' counsel as class counsel pursuant to Rule 23(g)(1).

9. The application by Class Counsel for reasonable attorneys' fees is granted. Plaintiffs' Attorneys' Fees in an amount equal to thirty-three and one-third percent (33 1/3%) of the "Settlement Fund" are hereby found to be reasonable and are awarded to Class Counsel in the amount of $1,666,666.67. The application by Class Counsel for reimbursement of $58,584.15 in expenses is granted. Class Counsel shall recover such fees and expenses from the "Settlement Fund" as and in the manner described in the Stipulation of Settlement. The Court finds that $5,000 should be paid to each of the named Plaintiffs and Class Representatives, Roy Mogel, Todd D. Lindsay, and Joseph R. Thorley, as an incentive award for their efforts in prosecuting this case. The awards to Messrs. Mogel, Lindsay and Thorley shall be paid from the "Settlement Fund" as and in the manner described in the Stipulation of Settlement.

10. Pursuant to the Stipulation of Settlement, the Settlement Fund shall bear the costs of notice, audit, Settlement Administrator fees, attorneys' fees and expenses, and incentive awards to the named Plaintiffs.

11. This entire action is hereby dismissed with prejudice as to the Settled Claims of the Settlement Class Members , and without taxable costs to the parties.

12. All necessary notices have been provided pursuant to 28 U.S.C. § 1715.

13. The Court reserves jurisdiction, without affecting the finality of this Judgment over:

   a. Implementation of this Settlement;

   b. Disposition of the Settlement Fund; and

   c. Enforcing and administering the Stipulation of Settlement.

///

///

///

**IT IS SO ORDERED THIS 21st DAY OF September, 2010.**

*Nathaniel M. Gorton*
Nathaniel M. Gorton,
United States District Judge
District of Massachusetts

Distribution to:

**Attorneys for the Settlement Class**

Charles M. Delbaum BBO # 543225
Stuart T. Rossman BBO # 430640
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, Massachusetts 02110

John C. Bell, Jr.
Lee W. Brigham
Bell & Brigham
Post Office Box 1547
Augusta, Georgia 30903-1547

M. Scott Barrett
Barrett & Associates
320 W. 8th St., Suite 100
Post Office Box 5233
Bloomington, Indiana 47407-5233

Jeffrey G. Casurella
Law Offices of Jeffrey G. Casurella
400 Interstate N. Pkwy. Suite 310
Atlanta, Georgia 30339

Helen Cleveland
Cleveland Gamble Gilbreath LLC
945 East Paces Ferry Road
Suite 2270 Resurgens Plaza
Atlanta, Georgia 30326-1125

**Attorneys for Defendant**

William J. Kayatta, Jr.
Byrne J. Decker
Gavin G. McCarthy
Pierce Atwood LLP
One Monument Square
Portland, Maine 04101